IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MERRICK STEDMAN, #233-507      *

        Plaintiff      *

     v.      *      Civil Action No. GLR-12-3458

SECRETARY GARY MAYNARD, et al.      *

        Defendants      *

**MEMORANDUM**

Pending before the Court is Defendants' Secretary Gary D. Maynard ("Maynard") and Warden John Wolfe ("Wolfe") (collectively "Defendants") Motion to Dismiss, or in the alternative, for Summary Judgment. (ECF No. 8). Plaintiff Merrick Stedman ("Stedman") has responded (ECF No. 10) and Defendants have filed a reply (ECF No. 11). An oral hearing in this matter is unnecessary. See Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants Motion to Dismiss will be GRANTED. The Complaint against Defendant Officer S. Rowe ("Rowe") will also be DISMISSED for failure to state a claim.[1]

**I. Background**

Stedman, a self-represented inmate housed at the Jessup Correctional Institution ("JCI"), initiated these proceedings stating that on May 4, 2012, he was served with a notice of inmate rule infraction and placed on disciplinary segregation following a search of his cell. He alleges that his civil rights were violated during the adjustment proceedings and that Defendants violated Maryland regulations and institutional directives. He states that he was not present when his cell was searched, he did not receive a timely hearing, his punishment was outside the "matrix" of allowable sanctions, and the Department of Public Safety and Correctional Service ("DPSCS") regulation

---

[1] Hearing Officer S. Rowe was not properly served with the Complaint as the Litigation Coordinator at JCI and the Attorney General's Office have declined to accept service. (ECF Nos. 6, 7.

12.02.27 was issued in violation of the agreement established in Bundy v. Cannon, 538 F.Supp. 410 (1982). (See Complaint, ECF No. 1).

The record evidence before the Court indicates that on May 4, 2012, Stedman was served with a notice of inmate rule infraction for violating rule 122—possession of a telecommunication device. (Defs.' Mot. Dismiss, Mot. Summ. J. Ex. 2, ECF No. 8). On May 21, 2012, Stedman plead guilty at the adjustment hearing held by Rowe. (Id. at Ex. 3). Prior to his plea, Stedman raised two procedural issues (1) the search of his cell was conducted in violation of DCD 110-26, and (2) the adjustment hearing was not held within seven days. (Id. at Ex. 4). Rowe found Stedman failed to provide support that a violation had occurred during the search of his cell. (Id.). Rowe also found that Stedman had failed to show harm by the delay in holding the hearing. (Id.). After accepting Stedman's guilty plea, Rowe sanctioned Stedman to 120 days of segregation, revocation of 60 days good conduct credits, and indefinite loss of visitation. (Id.).

Stedman filed an appeal to Wolfe on May 21, 2012. (Id. at Ex. 6). Wolfe denied the appeal and affirmed the decision and sanctions issued by Rowe on June 21, 2012. (Id.). Stedman filed a grievance with the Inmate Grievance Office ("IGO") on June 22, 2012. (Id. at Ex. 7). The IGO dismissed the grievance on August 8, 2012, finding that, pursuant to COMAR 12.02.27.25, an inmate that pleads guilty to a disciplinary charge waives the right a hearing and admits to committing the misconduct as alleged. The IGO further found Stedman had failed to properly exhaust his administrative remedies. (Id.).

## II. Standard of Review

### A. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th

Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. The court need not, however, accept unsupported legal allegations, see Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In reviewing the complaint in light of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. See Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005); Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Migdal v. Rowe Price-Fleming Int'l Inc., 248 F.3d 321, 326 (4th Cir. 2001); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Nonetheless, the complaint does not need "detailed factual

allegations" to survive a motion to dismiss. Id. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." Id. 570.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at 679 (alteration in the original) (quoting Fed. R. Civ. P. 8(a)(2)).

**B.** **Summary Judgment**

Summary Judgment is governed by Federal Rule of Civil Procedure 56(a) which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing

4

that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." Id. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. See Id. at 322-23.  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. See Id. at 323.

## III. Analysis

Stedman's Complaint against Maynard and Wolfe is based solely upon the doctrine of respondeat superior, which does not apply in Section 1983 claims. See Love-Lane v. Martin, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) (quoting Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under Section 1983 must be supported with evidence that:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotations marks omitted). Stedman has pointed to no action or inaction on the part of Maynard or Wolfe that resulted in a constitutional injury, and accordingly, his claims against them shall be dismissed.

Even if Stedman had properly served Rowe with the Complaint, his claim against Rowe is be subject to dismissal for failure to state a claim. In prison disciplinary proceedings which bring the possible loss of good conduct credits, a prisoner is entitled to certain due process protections. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. Id. at 564-

6

571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985). Stedman received all the process he was due. He was given timely advance written notice of the infractions and was permitted to attend the disciplinary hearing and to call witnesses on his own behalf. He also received written findings of the hearing officer. Moreover, the hearing officer's determination of guilty findings was based upon some evidence, i.e. review of Stedman's guilty plea, photographs, and the written record. Stedman's guilty plea waived his right to a formal hearing as well as his right to call witnesses and to present evidence. Nothing more was required.

Stedman's claim that COMAR 12.02.27 et seq. governing disciplinary proceedings was issued in violation of Bundy v. Cannon, 538 F.Supp. 410 (1982) (Bundy III) is unavailing.[2] COMAR 12.02.37 in its current form was adopted on January 9, 2012, and in effect at the time of Stedman's rule violation and hearing. As outlined above, Stedman's disciplinary proceedings, which proceeded in accordance with the state regulations, comported in all respects with the requirements of due process.

Further, the Court finds that "indefinite" restrictions placed on Stedman's visits do not violate his constitutional rights. See Overton v. Bazzetta, 539 U.S. 126, 133-34 (2003) (discussing prison regulations that withstand constitutional challenge).[3] The events which led to the indefinite

---

[2] In Bundy III, inmates alleged correctional officials were not complying with the decree entered in Bundy v. Cannon, 328 F.Supp. 165 (D. Md. 1971) (Bundy I) and they were therefore denied due process. Bundy III at 410. The parties reached an agreement to modify the adjustment procedures approved by the court in Bundy I and Bundy II (Bundy v. Cannon, 453 F.Supp. 856 (D. Md. 1978) (Bundy II)). Id. In Bundy II and III the court made no finding that the revisions to the adjustment procedures were required by the 14th Amendment. Id. Rather, the parties reached an agreement on the modifications to the adjustment proceedings and the petitions were dismissed. Id. In none of the three cases did the court retain jurisdiction to prescribe rules and regulations governing inmate discipline, nor did the court find it desirable to undertake supervision of the correctional system.

[3] In Overton, the United States Supreme Court held that a prison policy that "uses withdrawal of visitation privileges for a limited period as a regular means of effecting prison discipline" does not result in cruel and unusual punishment. Overton, 539 U.S. at 137–38 (2003) (finding a two-year

suspension of visitation are well documented as is Stedman's disciplinary history. Curtailment of visitation, recreation, and property privileges, which emphasizes the connection between an inmate's "choices and consequences," is rationally related to providing a safer prison environment. Overton v. Bazzetta, 539 U.S. 126, 133 (2003). His visitation was not permanently suspended. Rowe's decision, affirmed by Wolfe, is not constitutionally violative as the withdrawal of "visitation privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior, especially for high-security prisoners who have few other privileges to lose." Id. at 134. Although the suspension of Stedman's visitation is restrictive, his allegations do not present a claim of constitutional magnitude for which relief can be granted.

Stedman's allegations that state law and/or regulations were violated during his disciplinary hearing fail to state a due process claim. To the extent that written directives were not followed to the letter, the adoption of procedural guidelines does not give rise to a liberty interest. Thus, the failure to follow regulations does not, in and of itself, result in a violation of due process. See Culbert v. Young, 834 F.2d 624, 628 (7th Cir. 1987).[4]

---

deprivation of visitation privileges did not violate the Eighth Amendment). The Supreme Court explained as follows:

> This is not a dramatic departure from accepted standards for conditions of confinement. Nor does the regulation create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety. Nor does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur. If the withdrawal of all visitation privilege were permanent or for a much longer period, or if it were applied in an arbitrary manner to a particular inmate, the case would present different consideration.

Id. 539 U.S. at 137 (citations omitted).

[4] Regardless of any alleged violations of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. See Myers v. Kelvenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

## Conclusion

For the aforementioned reasons, Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment (ECF No. 8) is GRANTED. Stedman's Complaint will be DISMISSED with prejudice as to Gary Maynard and John Wolfe. Stedman's Complaint against Hearing Officer S. Rowe is DISMISSED without prejudice. A separate Order follows.

September 17, 2013 /s/

_____
George L. Russell, III
United States District Judge